# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

November 29, 2016
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**DONNIE W. SHUMATE,**
**Claimant Below, Petitioner**

**vs.)   No. 16-0041**  (BOR Appeal No. 2050676)
(Claim No. 2014025501)

**BROOKS RUN SOUTH MINING, LLC,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Donnie W. Shumate, by Reginald Henry, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Brooks Run South Mining, LLC, by Timothy Huffman, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated December 21, 2015, in which the Board affirmed a July 17, 2015, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's October 17, 2014, decision closing Mr. Shumate's claim for workers' compensation benefits on a temporary total disability basis. Additionally, the Office of Judges affirmed the claims administrator's October 17, 2014, decision denying a request to add pain in a joint of the pelvic region/thigh as a compensable diagnosis.[1] The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

---

[1] In the same decision, the claims administrator added a sprain/strain of an unspecified site of the knee/leg as a compensable diagnosis. However, neither party appealed the addition of this diagnosis.

1

Mr. Shumate was injured in the course of his employment when he was struck by a mine cable on February 18, 2014.[2] His claim for workers' compensation benefits was initially held compensable for a tear of the meniscus or cartilage of the left knee, which was successfully surgically repaired on July 8, 2014. Following the surgical repair of the torn meniscus in his left knee, Mr. Shumate received temporary total disability benefits from July 8, 2014, through August 8, 2014.

On September 26, 2014, Matthew Nelson, M.D., Mr. Shumate's treating physician, authored a diagnosis update request in which he listed Mr. Shumate's primary diagnosis as a sprain/strain of an unspecified site of the knee and leg. His secondary diagnosis was listed as pain in a joint of the pelvic region/thigh. Dr. Nelson noted that his current clinical findings indicate that Mr. Shumate has experienced pain in the left hip with radiation into the left knee following the July 8, 2014, left knee arthroscopy. In a report also dated September 26, 2014, Dr. Nelson indicated that Mr. Shumate was temporarily totally disabled from September 14, 2014, through October 10, 2014. Saghir Mir, M.D., performed an independent medical evaluation on October 8, 2014. Dr. Mir opined that Mr. Shumate has reached maximum medical improvement and is not temporarily totally disabled. On October 10, 2014, Dr. Nelson re-evaluated Mr. Shumate and noted that he is continuing to experience left hip pain that radiates into the left knee. Dr. Nelson instructed Mr. Shumate not to return to work pending further evaluation.

On October 17, 2014, the claims administrator added a sprain/strain of an unspecified site of the knee/leg as a compensable diagnosis. In the same decision, the claims administrator denied Dr. Nelson's request to add pain in a joint of the pelvic region/thigh as a compensable diagnosis. In a separate decision also dated October 17, 2014, the claims administrator closed Mr. Shumate's claim on a temporary total disability basis. The Office of Judges affirmed both of the claims administrator's October 17, 2014, decisions. The Board of Review affirmed the reasoning and conclusions of the Office of Judges in its decision dated December 21, 2015. On appeal, Mr. Shumate asserts that the evidence of record clearly demonstrates pain in a joint of the pelvic region/thigh should be added as a compensable diagnosis. He further asserts that the evidence of record demonstrates that he is entitled to additional temporary total disability benefits.

Regarding the denial of Dr. Nelson's request to add the diagnosis of pain in a joint of the pelvic region/thigh as a compensable diagnosis, the Office of Judges found that the record does not contain any definitive medical evidence attributing the diagnosis to the compensable injury. Further, the Office of Judges found that the diagnosis is subjective in nature and nonspecific. Regarding the closure of the claim on a temporary total disability basis, the Office of Judges noted that Dr. Mir opined that Mr. Shumate has reached maximum medical improvement. The Office of Judges noted that Mr. Shumate asserts that he remained temporarily totally disabled as a result of the diagnosis of pain in a joint of the pelvic region/thigh. However, the Office of Judges found that the diagnosis of pain in a joint of the pelvic region/thigh is not a compensable component of the claim. Therefore, pursuant to West Virginia Code § 23-4-7a (2005), the Office

---

[2] There appears to be some confusion regarding the date of injury in the instant claim. Mr. Shumate's Report of Injury lists the date of injury as February 17, 2014. However, all of the additional evidence of record lists the date of injury as February 18, 2014.

of Judges found that Mr. Shumate is not entitled to additional temporary total disability benefits because he has reached maximum medical improvement with respect to the compensable injury. We agree with the reasoning and conclusions of the Office of Judges, as affirmed by the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: November 29, 2016**

**CONCURRED IN BY:**
Chief Justice Menis E. Ketchum
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II